UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY TORREZ and DOROTHY TORREZ, | § § § § § | |
| *Plaintiffs,* | § | |
| v. | § § | Civil Action No. 3:25-CV-0106-X |
| J. BARRON, | § § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Jacoby Barron's Motions to Dismiss. (Doc. 14). After considering the briefing and applicable law, the Court **GRANTS IN PART** the Motion. The Court also **ORDERS** Bobby Torrez to individually serve Barron no later than 21 days from this order.

## I. Background

This case arises from a traffic stop. The Irving Police Department signaled for Plaintiff Bobby Torrez to pull over. Instead of pulling over as instructed, Bobby Torrez drove home to a different city. After following Bobby Torrez home Officer Barron tased Bobby Torrez, then jumped on, handcuffed, and beat him. Plaintiff Dorothy Torrez, Bobby Torrez's sister, witnessed her brother's interaction with Officer Barron. Upon arriving at the hospital, Bobby Torrez had several facial fractures, including a broken nose, broken orbital bone, and broken jaw, as well as an injury to his left eye, and scratches and bruises on his face, forehead, mouth, chest,

arms, hands, and back.  Officer Barron moved to dismiss the complaint for improper service and for failure to state a claim.

## II.     Legal Standard

Federal Rule of Civil Procedure 4(m) requires service within 90 days of filing the complaint.[1]  When a party fails to serve within the allotted time, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2]  "In the absence of service of process (or waiver of service by the defendant)," courts ordinarily may not exercise personal jurisdiction over a defendant.[3]

## III.    Analysis

It is undisputed that Plaintiffs effectuated service by serving the city secretary of the city of Irving.[4]  But Rule 4(e)(2)(A) provides that when the defendant is an individual, service may be completed by "delivering a copy of the summons and complaint to the individual personally."[5]  And where there has been no service, or improper service, no personal jurisdiction attaches.[6]

Here, service effectuated on the city secretary of Irving is not proper.  Officer Barron has not been properly served.  But dismissal is unwarranted because dismissal without prejudice will prevent Plaintiffs' ability to bring this case again due

---

[1] FED. R. CIV. PRO. 4(m).

[2] *Id.*

[3] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

[4] *See* Doc. 12 (serving "[b]y Delivering to Shanae Jennings, Secretary To The City").

[5] FED R. CIV. P. 4(e)(2)(A).

[6] *Omni Capital Intern, Ltd. v. Rudolf Wolff and Co., Ltd.*, 484 U.S. 97, 104 (1987).

to the limitations period.[7]  Instead, Plaintiffs are **ORDERED** to properly effectuate service on Officer Barron no later than 21 days from this order.[8]  Because Officer Barron argues the Court lacks personal jurisdiction because of improper service, the Court does not reach his arguments raised under Rule 12(b)(6) until the Court is certain of its jurisdiction.

### III.   Conclusion

Accordingly, the Court **ORDERS** Plaintiffs to serve Officer Barron no later than 21 days from this order.  Should Plaintiffs fail to serve Officer Barron the Court will dismiss this case.

**IT IS SO ORDERED** this 15th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993) ("A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'")).

[8] Further, should plaintiff Dorothy Torrez seek to proceed under Texas common law instead of § 1983, she must file a motion for leave to file an amended complaint no later than 21 days from this order.  The motion for leave should attached the proposed amended complaint with the motion.  *See* Local Rule 15.1(a).  The Court cannot consider new causes of action in response to a motion to dismiss.