UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY TORREZ and DOROTHY TORREZ, | § § § | |
| *Plaintiffs,* | § § | |
| | § | Civil Action No. 3:25-CV-0106-x |
| v. | § § | |
| JACOBY BARRON, | § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jacoby Barron's motion to dismiss. (Doc. 34). Plaintiffs, brother and sister Bobby and Dorothy Torrez (Torrezes), bring claims for excessive use of force under 42 U.S.C. § 1983, and bystander claims arising under Texas tort law. The claims arise from Barron's alleged excessive use of force while arresting Bobby Torrez.

As a preliminary matter—and because of the Torrezes' seeming confusion— the Court deems it necessary to explain what is in dispute for this motion. Barron did not move to dismiss Bobby Torrez's section 1983 excessive force claim. Barron only moved to dismiss Dorothy Torrez's bystander liability claim asserted under Texas common law. Having considered the applicable law, the Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** Dorothy Torrez's common law bystander claim. Insofar as the Torrezes assert claims against Barron in his official capacity, which they disclaim, the Court also **DISMISSES** those claims.

1

## I.    Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1]  A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

2

The assertion of state statutory immunity is a merits-based defense, not a jurisdictional bar.[8]

## II.    Analysis

Barron argues that Dorothy Torrez's bystander claim should be dismissed for two reasons.  First, Barron argues that he is entitled to immunity under Texas law for the bystander claim.  Second, Barron argues that by naming the City of Irving in the original complaint—a party that was later voluntary dismissed—Dorothy Torrez made an irrevocable election to proceed against the city.[9]

Because governmental immunity generally shields municipalities and their employees from suits for money damages unless waived, Barron argues that he is entitled to governmental immunity.  Section 101.106(f) of the Texas Tort Claims Act (the Act) states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.[10]

Under clear Fifth Circuit precedent, employees of governmental entities are entitled to governmental immunity under the Act.[11]  Section 101.106(f) of the Act

---

[8] *Anthology, Inc. v. Tarrant Cnty. Coll. Dist.*, 136 F.4th 549, 553 (5th Cir. 2025).

[9] Because this case is resolved under the Section 101.106(f) of the Texas Torts Claims Act, the Court does not reach the argument regarding Section 101.106(a).

[10] TEX. CIV. PRAC. & REM. CODE § 101.106(f).

[11] *Wilkerson v. Univ. of N. Texas By & Through Bd. of Regents*, 878 F.3d 147, 158–59 (5th Cir. 2017) ("Section 101.106(f) of the Act affords state employees governmental immunity.").

"provides a governmental employee with statutory immunity from suit when he or she is sued for a tort that (1) is based on conduct within the general scope of the employee's employment and (2) could have been brought under the Act against the governmental unit."[12]

Here, again, Fifth Circuit caselaw is clear that "an officer's scope of employment includes investigating and arresting."[13]  Despite disclaiming suing Barron in his official capacity—particularly as it pertains to the section 1983 claim—the complaint is devoid of any factual allegation that would even hint at Barron acting outside of the scope of his employment.  As the Texas Supreme Court explained, "a governmental employee is discharging generally assigned job duties if the employee was doing his job at the time of the alleged tort."[14]  And the allegations in the complaint pertain to Barron's official police stop of Bobby Torrez.  So Barron meets the first prong.

Moreover, Dorothy's bystander claim *could* have been brought under the Act, as that phrase is understood in the caselaw.  Namely, all common law claims against a governmental employee acting in the course and scope of his employment "could have been brought" under the Act against the governmental unit itself.[15]  Thus, the second prong is also met.

---

[12] *Hunter v. City of Rice Police Dep't*, No. 3:25-CV-451-X-BK, 2026 WL 871721, at *3 (N.D. Tex. Mar. 13, 2026) (Toliver, M.J.) (cleaned up), report and recommendation adopted, No. 3:25-CV-0451-X, 2026 WL 870714 (N.D. Tex. Mar. 30, 2026) (Starr, J.).

[13] *Frias v. Hernandez*, 142 F.4th 803, 809 (5th Cir. 2025) (cleaned up).

[14] *Garza v. Harrison*, 574 S.W.3d 389, 401 (Tex. 2019).

[15] *Franka v. Velasquez*, 332 S.W. 3d 367, 375, 381 (Tex. 2011) ("[A]ny tort claim against the government is brought under the Act for purposes of section 101.106, even if the [Act] does not waive immunity."  And a claim "could have been brought under the [Act]" when the "claim is in tort

4

When these conditions are met, section 101.106(f) "mandates plaintiffs to pursue lawsuits against governmental units rather than their employees," and "entitles the employee to dismissal of the relevant tort claim[.]"[16]

So, Dorothy's only possible avenue for relief is if another statute independently waives immunity, which she has failed to identify.[17] Furthermore, Dorothy's reliance on caselaw that predates section 101.106(f) of the Act and critical Texas Supreme Court caselaw is inapposite.[18] In *City of Watauga v. Gordon*, the Texas Supreme Court resolved a state circuit split holding excessive force is an intentional tort.[19] And the Act expressly does not waive immunity for intentional torts.[20] So her bystander claim fails.

---

and not under another statute that independently waives immunity." (cleaned up)).

[16] *Wilkerson*, 878 F.3d at 159 (cleaned up).

[17] *See Franka*, 332 S.W 3d. at 381 (recognizing that another statute *could* "independently waive[] immunity").

[18] *See generally* Doc. 41 (relying on *Grandstaff v. City of Borger*, 767 F.2d. 161 (5th Cir. 1985), which predates the Act by over a decade).

[19] 434 S.W.3d 586 (Tex. 2014).

[20] TEX. CIV. PRAC. & REM. CODE § 101.057(2).

### III.    Conclusion

Accordingly, Dorothy Torrez's common law bystander claim is **DISMISSED WITH PREJUIDCE**.[21]

**IT IS SO ORDERED** this 6th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] The Court considers the assertion of governmental immunity by Barron as a "merits-based defense[]" instead of a jurisdictional bar because Texas state law "governmental immunity cannot have jurisdictional effect in federal court." *Anthology, Inc.*, 136 F.4th at 553. Thus, dismissal with prejudice is appropriate when Dorothy Torrez has not sought leave to amend and any amendment would be futile.